IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON RULUND AKINS,

Plaintiff,

v.

TASHI LAWTON RATLIFF, ET AL.,

Defendants.

1:25-CV-712-DAB-LPA

## ORDER

The Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis* for the limited purpose of recommending dismissal under 28 U.S.C. § 1915(e)(2)(B). *4/28/26 Opinion, Order, and Recommendation*, D.E. 32, at 1. Although Plaintiff purported to invoke Federal Question Jurisdiction based on the Medicare Secondary Payer Act, the Magistrate Judge concluded that he failed to state an MSPA claim because he did not allege Medicare made conditional payments or that Defendant's responsibility to pay was established through an enforceable obligation such as a judgment or settlement. *Id*. at 11–14.

The Magistrate Judge further recommended dismissal of Plaintiff's state-law claims, including breach of good faith and fair dealing and violations of North Carolina's Unfair Claims Settlement Practices Act and Unfair and Deceptive Trade Practices Act, because the sole federal claim was subject to dismissal. *Id*. at 16–17.

Plaintiff objected. *5/18/26 Objection*, D.E. 34. Defendant responded. *5/29/26 Response*, D.E. 35. Following *de novo* review under Fed. R. Civ. P. 72(b)(3), and liberally construing Plaintiff's *pro se* objections, the Court adopts the Recommendation.

No party has objected to the Magistrate Judge's summary of the background of this case, so the Court adopts the facts set forth in the Recommendation. *See* D.E. 10 at 3–7; *Thomas v. Arn*, 474 U.S. 140, 152 (1985).

## I.    Plaintiff's First Objection

Plaintiff argues that the Magistrate Judge improperly treated his MSPA claim as a routine settlement dispute rather than one arising from Medicare conditional payments and reimbursement obligations under 42 U.S.C. § 1395y(b) and contends that Defendant's claim-handling conduct demonstrates "responsibility" to pay through other means. D.E. 34, at 1–2.

These arguments are unavailing. The Complaint does not allege that Medicare actually made conditional payments on Plaintiff's behalf or that Defendant's responsibility to pay was established through an enforceable obligation, such as a judgment or settlement, both prerequisites to an MSPA private cause of action. *Sims v. PMA Ins. Co.*, No. 1:20cv249, 2021 WL 369675, at *7 n.8 (M.D.N.C. Feb. 3, 2021). Instead, it alleges only that Plaintiff receives Medicare and incurred medical expenses. D.E. 2, at 8; 11. Plaintiff's assertion in his Objection that Medicare issued conditional payments is not supported by the Complaint and does not substitute for allegations that Medicare actually paid covered claims on Plaintiff's behalf. D.E. 34, at 2; *Leggette v. B.V. Hedrick Gravel & Sand Co.*, No. 3:04cv530, 2006 WL 6809606, at *11 (W.D.N.C. May 24, 2006). Absent allegations of actual Medicare payments, Plaintiff cannot establish the basis for MSPA double damages. 42 U.S.C. § 1395y(b)(3)(A). Dismissal is therefore warranted.

## II.    Plaintiff's Second Objection

Plaintiff argues that Defendant's claim-handling conduct, including settlement communications, requests for medical documentation, and alleged references to Medicare/TRICARE reimbursement requirements, demonstrates "responsibility" to pay under the MSPA through "other means" under 42 U.S.C. § 1395y(b)(2)(B)(ii). D.E. 34, at 2–3.

However, MSPA "responsibility" must be shown through an enforceable obligation, such as a judgment or settlement, and cannot be established through routine claim-handling, negotiations, or unaccepted settlement offers as attempted to do so here. 42 U.S.C. § 1395y(b)(2)(B)(ii). Accordingly, dismissal is appropriate.

## III.    Plaintiff's Third Objection

Plaintiff suggests that dismissal with prejudice is premature and seeks leave to amend to clarify the MSPA framework and add factual allegations, recognizing that the "current pleading may not yet fully articulate the federal statutory framework

2

and Defendant's alleged violations." D.E. 34, at 4. He contends that amendment would cure any deficiencies and support supplemental jurisdiction over his state-law claims under 28 U.S.C. § 1367. *Id.*

These arguments are unavailing because amendment would be futile, as Plaintiff has not identified additional facts that would cure the fundamental deficiencies in his MSPA claim. Namely, the absence of allegations showing actual Medicare payments or a demonstrated enforceable obligation establishing Defendant's responsibility to pay.

Since the MSPA claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims for the reasons explained by the Magistrate Judge.

## CONCLUSION

The Court has reviewed the Recommendation and Plaintiff's objections and finds that the recommended disposition of this case is supported by the record and law. The Court accepts the Magistrate Judge's Recommendation that the Plaintiff's case be dismissed and dismisses the MSPA claim with prejudice and the remaining state law claims without prejudice.

It is therefore ORDERED that the Plaintiff's Objections, D.E. 34, are overruled, and the Recommendation of the Magistrate Judge, D.E. 32, is accepted. Defendant's Motion to Dismiss, D.E. 7, is TERMINATED AS MOOT.

This the 5th day of June, 2026.

*/s/ David A. Bragdon*
United States District Judge

3